```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  UNITED STATES OF AMERICA                                  :
                                                            :
               -against-                                    :    97 Cr. 01293 (LGS)
                                                            :
  ROBINSON LAZALA,                                          :    ORDER
                                       Defendant,           :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Background**

WHEREAS, on January 19, 2021, Defendant Robinson Lazala filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").

WHEREAS, on October 22, 2021, the Government filed a letter in opposition to Defendant's motion for a sentence reduction.

WHEREAS, Defendant contends that he "was sentenced to 20 yrs. for a 'crack' cocaine offense," and, because Amendment 782 has retroactively reduced the offense levels for such offenses, he is entitled to a sentence reduction pursuant to § 3582(c)(2).

WHEREAS, on or about January 21, 2000, Defendant pleaded guilty to one count of engaging in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c) ("Count One"), and one count of a violent crime in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) ("Count Two").  The activity underlying Count One consisted of four acts: (1) the attempted murder of Kelvin Rosa and Oswaldo Domenach; (2) conspiracy to murder David and Damon Mullins; (3) the attempted murder of Damon Mullins, Nelson Najera and Donald Goodwin and (4) conspiracy to distribute and possess mixtures and substances containing over fifty but less

than 150 grams of "crack" cocaine, in violation of 21 U.S.C. §§ 812, 831(a)(1), 841(b)(1)(C) and 846. The activity underlying Count Two was conspiracy to murder Efrain Solar.

WHEREAS, based on Defendant's total offense level of forty-two and a Criminal History Category of I, the Guidelines range for imprisonment was 360 months to life. Defendant pleaded guilty pursuant to a plea agreement in which the parties stipulated that the applicable Guidelines sentences were 240 months on Count One (the statutory maximum) and 120 months on Count Two (the statutory maximum), for a total Guidelines recommendation of 360 months' imprisonment. On December 11, 2000, Defendant was sentenced to 240 months' imprisonment on Count One and 120 months' imprisonment on Count Two, to run consecutively.

WHEREAS, on November 1, 2014, Amendments 782 and 788 to the Guidelines came into effect. Amendment 782 lowered most applicable offense levels on Section 2D1.1's Drug Quantity Table by two levels. Amendment 788 gave retroactive effect to Amendment 782's offense level reductions.

**Legal Standard**

WHEREAS, 18 U.S.C. § 3582(c)(2) provides that the court may reduce the term of imprisonment of a defendant sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

WHEREAS, a sentence reduction is inconsistent with the Commission's policy statements if the relied upon Guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

WHEREAS, the court may not reduce a defendant's sentence pursuant to § 3582(c)(2) if the relied upon Guidelines amendment would not have reduced the defendant's sentencing range

had it been in effect at the time of the defendant's sentencing.  *United States v. Jarvis*, 883 F.3d 18, 21-22 (2d Cir. 2018); *United States v. Figueroa*, 714 F.3d 757, 759-60 (2d Cir. 2013).

**Discussion**

WHEREAS, a sentence reduction is not permitted here because Defendant's Guidelines range would not have been reduced had Amendment 782 been in effect at the time of Defendant's sentencing.

Only Count One relates to Defendant's drug activity.  Defendant's offense level with respect to Count One was fixed by the conspiracy to murder David and Damon Mullins.  All other activities, including Defendant's cocaine-related offenses, were disregarded under U.S.S.G. § 3D1.4 for purposes of determining Defendant's Guidelines range because they are nine or more levels less serious.  A reduction in the offense level of Defendant's cocaine-related offenses would have had no effect had the amended guidelines been in effect at the time of Defendant's sentencing.  It is hereby

**ORDERED** that Defendant's motion for a reduction in sentence is DENIED.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to close the motion at Dkt. No. 348 and to mail a copy of this Order to pro se Defendant.

Dated: November 1, 2021
      New York, New York

                                           **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**