UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                Judgment Creditor,         :
                                                              :    97 Crim. 1293-6 (LGS)
      -against-                                             :
                                                              :    **OPINION AND ORDER**
ROBINSON LAZALA,                                              :
                Judgment Debtor.           :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 21, 2000, Judgment Debtor ("Defendant") pleaded guilty to two counts: first, participating in a criminal racketeering enterprise involving murder, attempted murder, robbery, narcotics trafficking and witness tampering in violation of 18 U.S.C. § 1962(c); and second, in aid of such enterprise, conspiring to murder an individual in violation of 18 U.S.C. § 1959(a)(5). On December 11, 2000, Defendant was sentenced to a term of imprisonment of 240 months on Count 1 and 120 months on Count 2 to run consecutively, followed by three years of supervised release, and was ordered to pay $6,000 in restitution to the family of his victim and a $200 special assessment. Defendant was ordered to apply any wages earned in prison to that obligation;

      WHEREAS, according to a declaration filed by the Government, as of February 26, 2024, Defendant has made a total of thirty-seven payments toward his restitution obligation, totaling $1,350. The unpaid balance accrues interest at a rate of 5.44%, and Defendant's outstanding balance totals $11,827.25. This total is comprised of $4,650.00 of principal and $7,177.25 of interest. Defendant remains in federal Bureau of Prisons ("BOP") custody, with a release date scheduled in 2029;

WHEREAS, in 2023, the Government learned that Defendant has $11,151.59 in his inmate trust account.  On June 20, 2023, the Government requested an order from the Court directing BOP to turn over $11,000 from the trust account to apply to Defendant's outstanding restitution judgment.  Defendant, acting *pro se*, opposed the Government's turnover request.  The Government filed a reply, and Defendant filed a sur-reply.  BOP has restrained the funds in Defendant's inmate trust account pending resolution of the instant motion;

WHEREAS, the Mandatory Victims Restitution Act states: "If a person obligated to provide restitution, or pay a fine, receives *substantial resources* from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."  18 U.S.C. § 3664(n) (emphasis added).  Courts in this Circuit have routinely held that funds held in inmate trust accounts constitute "substantial resources" within the meaning of § 3664(n).  *See, e.g.*, *United States v. Price*, No. 17 Crim. 301, 2023 WL 4599841, at *2 (E.D.N.Y. July 18, 2023); *United States v. Kelly*, 627 F. Supp. 3d 148, 151 (E.D.N.Y. 2022); *United States v. Othman*, No. 18 Crim. 98, 2023 WL 4628820, at *3 (E.D.N.Y. July 19, 2023); *Poltenson v. United States*, No. 23 Civ. 479, 2023 WL 7130241, at *3 (D. Conn. Oct. 29, 2023).  This is so even when the amount in question has been significantly less than the $11,151.59 in Defendant's inmate trust account.  *See United States v. Sabato*, No. 2 Crim. 236, 2021 WL 826751, at *3 (D. Conn. Mar. 4, 2021) (finding that approximately $4,000 in the defendant's inmate trust account constituted "substantial resources"); *United States v. Kendrick*, No. 10 Crim. 6096, 2022 WL 1819390, at *4 (W.D.N.Y. June 3, 2022) (finding $1,800 to be substantial).  The United States is free to use "all . . . available and reasonable means" in enforcing an order of restitution.  18 U.S.C. § 3664(m)(1)(A)(ii);

WHEREAS, there is uncertainty over whether § 3664(n) authorizes the seizure of prison wages gradually accumulated in an inmate trust account. The Fifth, Sixth, Eighth and Ninth Circuits have all held that wages earned in prison do not constitute "substantial resources" within the meaning of § 3664(n), and that the provision instead refers to lump sums or sudden financial injections. *See United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019); *United States v. Carson*, 55 F.4th 1053, 1057 (6th Cir. 2022); *United States v. Kidd*, 23 F.4th 781, 787 (8th Cir. 2022); *United States v. Poff*, 781 F. App'x 593, 595 (9th Cir. 2019). The First Circuit has added a caveat relevant to the present motion: while § 3664(n) does not permit seizure of "monies in [an] account consisting *only* of gradually accumulated prison wages[,] . . . [m]oney is fungible and in many cases it will be impossible for the court to make a dollar-by-dollar accounting, tracing individual dollars back to their original sources." *United States v. Saemisch*, 70 F.4th 1, 11-12 (1st Cir. 2023) (emphasis added); *see also United States v. Rios*, 835 F. App'x 684, 686 (3d Cir. 2021) (holding that money in an inmate account was a "substantial resource" under § 3664(n) where the money is not "*solely* the accumulation of prison wages" (emphasis added)). The First Circuit held that, where funds have been intermingled as such, the court, pursuant to § 3664(n), "may order the turnover of any sum of money up to the amount of substantial resources deposited into the account." *Saemisch*, 70 F.4th at 12;

WHEREAS, although the Second Circuit has not yet addressed the question, at least one court in this Circuit has adopted the view that wages earned in prison are not "substantial resources" within the meaning of § 3664(n). *See United States v. Price*, No. 17 Crim. 301, 2023 WL 4599841, at *3 (E.D.N.Y. July 18, 2023). But another hews to the First Circuit's approach, allowing for turnover under § 3664(n) where "some of [the] funds came from [the defendant's] wages" but "the vast majority of the funds came from a third-party" who made outside deposits

3

to the defendant's account and "repeatedly provided [the defendant] with the means of paying the debt [he] owe[d]." *United States v. Sabato*, No. 2 Crim. 236, 2021 WL 826751, at *3 (D. Conn. Mar. 4, 2021). In a declaration filed on February 26, 2024, the Government attested that, of 118 deposits made to Defendant's trust account between June 2018 and June 2023, only 16 of the deposits, totaling $220.29, were from inmate wages. The remaining deposits, totaling $20,500.20, came from outside sources, mostly via Western Union or Money Gram. Because money is fungible, it is impossible to say what portion of the $11,151.59 currently in Defendant's account is attributable to his wages. But the Government's figures show that, for the five-year window in question, just 1% of the funds in Defendant's account are attributable to his wages. Given that the overwhelming majority is attributable to outside sources, and that the $11,000 the Government seeks is considerably less than the $20,500.20 that has come from outside sources, turnover is appropriate here;

WHEREAS, Defendant's argument that granting the motion will create a "financial difficulty for [him] and his family" is unavailing. Defendant has not submitted any documentation to substantiate his claims of hardship. *See United States v. Gorrick*, 8 Crim. 1000-3, 2023 WL 3741979, at *1 (S.D.N.Y. May 30, 2023). The Government's motion seeks $11,000, which leaves $151.59 in Defendant's trust account;

WHEREAS, courts have rejected Defendant's argument that the turnover cannot be ordered because he is required to pay only $25 per quarter towards restitution while incarcerated under the judgment's payment schedule. *See, e.g.*, *Othman*, 2023 WL 4628820, at *3 (collecting cases). "[T]he Government's invocation of § 3664(n) does not alter -- and is separate from -- the restitution payment schedule in the judgment, which remains in effect notwithstanding the turnover of funds." *Id.* Defendant provides no evidence and only conclusory allegations to

support his contention that his appointed case manager made a false statement to Defendant or otherwise acted with the "intent to induce [Defendant's] reliance and justifiable reliance." Contrary to Defendant's claim that the issue "is whether or not [Defendant] has defaulted in his special assessment and restitution payments," courts have repeatedly held that default is not a condition to the seizure of funds under 18 U.S.C. § 3664(n).  *See Othman*, 2023 WL 4628820, at *2 n.4; *Kendrick*, 2022 WL 1819390, at *4-5.  It is hereby

**ORDERED** that the Government's motion is GRANTED.  The BOP is directed to turn over $11,000.00 of the funds in Defendant's inmate trust account to the Clerk of Court for the Southern District of New York to be applied towards Defendant's outstanding restitution obligation in this matter.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 368 and 371.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: March 1, 2024
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                           **UNITED STATES DISTRICT JUDGE**